IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT A. SCHAFFER, | : CIVIL ACTION NO. 1:21-CV-1047 |
| Petitioner | : (Judge Conner) |
| v. | : |
| SUPERINTENDENT BARRY SMITH and PENNSYLVANIA ATTORNEY GENERAL'S OFFICE, | : |
| Respondents | : |

## MEMORANDUM

Petitioner Scott A. Schaffer filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to overturn his 2014 state-court conviction and sentence. Because Schaffer has plainly failed to meet the time limitations for federal habeas review, we must dismiss his petition.

I.    **Factual Background**

Schaffer is currently serving a 21- to 42-year sentence imposed by the Court of Common Pleas of York County, Pennsylvania, for third-degree murder and abuse of a corpse. (See Doc. 1 at 1; Doc. 15-5 at 12-14). Schaffer's crimes of conviction, which he admitted and for which he pled guilty, are disturbing and involve the murder and decapitation of an immediate family member. (See Doc. 15-5 at 10-11; Doc. 20-3). It appears that, due to Schaffer's significant mental health issues, the Commonwealth consented to a plea agreement whereby Schaffer would plead "guilty but mentally ill" to third-degree murder and abuse of a corpse, (see Doc. 15-1 at 3; Doc. 15-5 at 6), and the prosecution would recommend that Schaffer serve

the maximum sentence and that—following release—he be committed to a state mental institution, (Doc. 15-5 at 4).

The trial court accepted the plea agreement on February 7, 2014, and sentenced Schaffer the same day. (Id. at 12-14). No appeal was filed. (See Doc. 15-1 at 1; Doc. 15-3 at 1).

It does not appear that Schaffer undertook any type of post-conviction action until 2019. On April 3, 2019, Schaffer filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq*. (See Doc. 15-1 at 7). Counsel was appointed and filed an amended PCRA petition on June 7, 2019. (Id.) This first PCRA petition was voluntarily withdrawn on June 20, 2019, (see id. at 8; Doc. 15-2), and Schaffer subsequently filed a second *pro se* PCRA petition on January 29, 2021. (See Doc. 15-1 at 8).

On April 7, 2021, the PCRA court informed Schaffer that, among other noted deficiencies, his second PCRA petition was "facially untimely" and indecipherable, and the court intended to deny it. (Doc. 15-3). The PCRA court dismissed Schaffer's second PCRA petition without further proceedings on July 21, 2021. (Doc. 15-4).

Prior to the PCRA court's dismissal of Schaffer's second petition, Schaffer filed the instant Section 2254 petition in this Court. (Doc. 1). Respondents moved to dismiss Schaffer's habeas petition as time-barred and to stay any merits determination while the threshold issue of timeliness was resolved. (Docs. 15, 20). Schaffer then moved for a stay and abeyance, arguing that he was still litigating his post-conviction claims in state court. (Doc. 16). The Court denied this motion

2

without prejudice, noting that Schaffer had failed to satisfy any of the requirements for a stay-and-abeyance of his Section 2254 petition. (See Doc. 27 at 2 & n.1).

Review of the relevant state-court dockets shows that on August 11, 2021, Schaffer filed a timely notice of appeal of the PCRA court's dismissal of his second petition, and it appears that this appeal is still being litigated in the Superior Court of Pennsylvania. See Commonwealth v. Schaffer, No. CP-67-CR-0006359-2013 (Pa. Ct. Comm. Pl. York Cnty.); Commonwealth v. Schaffer, No. 1085 MDA 2021 (Pa. Super. Ct. Aug. 11, 2021). Nevertheless, because it is clear from record that Schaffer's federal habeas claims are barred by the statute of limitations, the Court will dismiss Schaffer's petition.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See 28 U.S.C. § 2244(d)(1). In most cases, and as relevant for Schaffer's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2) (emphasis added).

As noted above, Schaffer's state conviction and sentence were imposed on February 7, 2014. Schaffer had 30 days to file a direct appeal, see PA. R. APP. P. 903(a), but no appeal was filed. Consequently, Schaffer's conviction became "final"

for AEDPA purposes on March 10, 2014.[1]  See 28 U.S.C. § 2244(d)(1)(A).  Schaffer did not file a state-court petition for post-conviction relief until more than five years later—on April 3, 2019.  The PCRA court deemed this petition untimely, and Schaffer is currently litigating an appeal in the Superior Court of Pennsylvania.

Nonetheless, even in the unlikely scenario that the Superior Court were to accept Schaffer's late-filed PCRA petition, this would not allow him to overcome the AEDPA's statute of limitations.  As the United States Court of Appeals for the Third Circuit has recently held, even if a state court accepts a late-filed PCRA petition or appeal, there is no statutory tolling of AEDPA's limitations period prior to that acceptance because there is no PCRA petition "pending" during this time as required by Section 2244(d)(2).  See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 271-72 & n.6 (3d Cir. 2022).  Schaffer, therefore, cannot avail himself of Section 2244(d)(2)'s tolling even if the Superior Court were to excuse the untimeliness of his PCRA petition.

With statutory tolling off the table, only equitable tolling could save Schaffer's instant Section 2254 petition from being time-barred.[2]  The AEDPA's statute of limitations is subject to equitable tolling.  Martin, 23 F.4th at 272 (citing

---

[1] Day 30 fell on Sunday, March 9, 2014, so Schaffer had until Monday, March 10, 2014, to file his appeal.  See 1 PA. CONS. STAT. § 1908; PA. R. APP. P. 107 (incorporating rules of construction of Pennsylvania's Statutory Construction Act, 1 PA. CONS. STAT. § 1901 *et seq.*); PA. R. APP. P. 903, Note.

[2] Schaffer does not raise any gateway "actual innocence" claims or arguments in his Section 2254 petition.  See Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018) (explaining that "credible showing of actual innocence" can provide gateway for Section 2254 review of an "otherwise procedurally barred claim" alleging constitutional violation).

4

Holland v. Florida, 560 U.S. 631, 645-49 (2010)). Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis. Id. (alteration in original) (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005)) (citing Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012)). To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition. See Holland, 560 U.S. at 649 (citation omitted).

Schaffer has not made this difficult showing. He posits only that he was "not required to file his Petition within one year because his diagnos[e]s of autism and schizophrenia caused equitable tolling." (Doc. 25 at 1-2 (citing Roberts v. Marshall, 627 F.3d 768 (9th Cir. 2010))). This is the entirety of his equitable tolling argument, and it is patently unconvincing.

First, Schaffer has not established that he has been diligently pursuing his rights. Unlike the petitioner in Roberts v. Marshall, who promptly sought state post-conviction relief several times (including entreaties to the state's highest court), see Roberts, 627 F.3d at 770, Schaffer waited more than *five years* after his conviction became final to take his first step toward collateral review. See Martin, 23 F.4th at 273 (explaining that diligence requirement applies to both filing for federal habeas relief and efforts to exhaust available state-court remedies) (citing LaCava, 398 F.3d at 277). Schaffer has proffered no evidence or argument that he acted with reasonable diligence to pursue his rights.

5

Second, Schaffer has not established that his mental illness—the alleged "extraordinary circumstance"—caused his five-year delay in seeking post-conviction relief. See Wallace v. Mahanoy, 2 F.4th 133, 144 (3d Cir. 2021) (explaining that "the mental illness must have affected the petitioner's ability to seek relief in some way") (citation omitted). There is no dispute that Schaffer suffers from serious mental health issues. But the mere existence of mental illness does not entitle a petitioner to equitable tolling. Id. at 144, 145 (citation omitted). Schaffer does provide any argument or evidence for why his mental health diagnoses impaired his ability to timely seek collateral review. On the contrary, the only mental health records Schaffer provided indicate that he was "medication compliant," had "maintained stability," was "doing well," and continued to "work on mental health treatment." (Doc. 1-1 at 17-21). These records are insufficient to support Schaffer's equitable tolling claim. See Wallace, 2 F.4th at 148.

Schaffer has thus failed to establish any basis for equitable tolling. And because neither statutory tolling nor equitable tolling applies, Schaffer's Section 2254 petition is time-barred and must be dismissed. See Martin, 23 F.4th at 275.

### III.    Conclusion

For the foregoing reasons, Schaffer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed. We likewise decline to issue a certificate of appealability, as Schaffer has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of

reason would find it debatable" whether our procedural ruling is correct, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). An appropriate order follows.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    March 31, 2022